*Little & Slack, for appellant.*
*Owen & Ellis, G. W. Ray, for appellee.*

---

### J. B. CARRAN, ET AL., v. JOSEPHINE MITCHELL.

[Abstract Kentucky Law Reporter, Vol. 1—58.]

**Husband and Wife.**

Personal property of the wife reduced to possession by the husband belongs to him, and a contract between a husband and wife by which property is settled upon her is void, and cannot be upheld as against creditors in a common-law court. Even in equity such contracts are upheld only where the evidence is clear as to the agreement, and the rights of creditors are protected.

APPEAL FROM OHIO CIRCUIT COURT. ·

June 1, 1880.

Opinion by Judge Hines:

.In this case the personal property claimed by the wife of Mitchell appears to have been coming to her from her father's estate at the time of her marriage, and if it had been in her possession would have vested in the husband. But, being in the hands of the administrator of the estate of the wife's father, it was subject to her equity to a settlement out of it, which equity could only be enforced by proceedings in the proper tribunal before reduction to possession by the husband. In this interval the property might have been set aside to the wife, and in general a court of equity will treat an agreement between husband and wife, by which property is settled upon her, as binding, when the same court would have made a like disposition of the property.

But this is not the province of a common-law court. At law such contracts between husband and wife are void, and in a common-law court cannot be upheld as against creditors. Even in equity they will be upheld only where the evidence is clear as to the agreement, and when the rights of creditors are protected. Whatever might be the view of a chancellor upon the facts of this case when presented in a proper proceeding it is clear that the common-law court had no power to adjudge the property to be in the wife. *Campbell v. Galbreath,* 12 Bush 461; *Garrett v. Gault,* 13 B. Mon. 378; Bishop on the Law of Married Women, Sec. 627.

Wherefore the judgment is *reversed* and cause remanded with directions to dismiss the petition.

*McHenry & Hill, for appellants.*